UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

IN RE:                                                                    Case No. 17-22337-RDD

**GREGORY J. CINZIO,**                                           Chapter 13

                                        Debtor.
_____X.


### ORDER SHORTENING TIME AND APPROVING SALE OF PROPERTY FREE AND CLEAR

Upon (a) the motion, dated September 22, 2017 [Dkt. 26] (the "Sale "Motion"), of the debtor

herein (the "Debtor") for an order under 11 U.S.C. § 363(b) and (f) authorizing and approving the

Debtor's sale of his interest in the real property known as and located at 4 Beatrice Lane, New City New

York 10956 (the "Property") pursuant to Kenneth Webber (the "Purchaser") pursuant to the Contract of

Sale attached as Exhibit D to the Sale Motion (the "Contract"), free and clear of all liens, claims, interests

and encumbrances on or against the Property of whatever kind or nature except as expressly provided in

the Contract ("Liens and Claims"), and (b) the Debtor's motion, also dated September 22, 2017 [Dkt. 26],

for an order shortening notice of and scheduling the hearing on the Sale Motion, pursuant to Fed. R.

Bankr. P. 9006 (the "Motion to Shorten;" with the Sale Motion, the "Motions"); and upon the record of

the hearing held by the Court the Motions on October 6, 2017, at which only counsel for the Debtor

appeared; and there being no objections to either Motion; and, after due deliberation, the Court having

determined that the Debtor has established sufficient cause to grant the Motion to Shorten based on the

deadline placed on the closing of the proposed sale by the mortgage lender's consent to short sale attached

as an exhibit to the Sale Motion; and the Court having further found that there has been due and sufficient

notice and service of the Motions and that no additional notice or hearing is required; and the Court

1

having further found that (a) the Debtor has established good and sufficient business reasons for the

proposed sale under the Contract and that such sale is in the best interests of the Debtor and the estate, (b)

the proposed sale is at arms-length and in good faith and, upon closing under the Contract, the Purchaser

is entitled to the benefit of 11 U.S.C. § 363(m), and (c) the Debtor has established one or more grounds

for the proposed sale to be free and clear of Liens and Claims under 11 U.S.C. § 363(f); and good and

sufficient cause appearing, it is hereby

**ORDERED**, that the Motion to Shorten is granted; and it is further

**ORDERED**, that, pursuant to 11 U.S.C. § 363(b), the Sale Motion is granted and the Debtor's

sale of the Property pursuant to the Contract is authorized and approved; and it is further

**ORDERED**, that, pursuant to 11 U.S.C. §363(f), the sale of the Property pursuant to the Contact

shall be free and clear of Liens and Claims, with all Liens and Claims to attach to the sale proceeds in the

same amount and priority, with the same validity and enforceability, and subject to the same defenses as

existed immediately before the closing of such sale; and it is further

**ORDERED**, that the Debtor is authorized and directed to make the following payments at the

closing of the sale under the Contract from the aggregate sale proceeds under the Contract: (a) $1,520 for

transfer taxes, (b) $22,800 for real estate broker commission (6% aggregate commission) under the

prepetition brokerage agreement, (c) $500 for title and title closer fees, (d) $3,500 for Purchaser's legal

fees under the Contract, (e) $345,180 to Rushmore Loan Management Services LLC, its successors and

assigns ("Rushmore") in satisfaction of Claim No. 7 filed in this case, (f) $2,547.03 to NYS Department

of Taxation & Finance in satisfaction of Claim No. 1 filed in this case, (g) $3,000 as a relocation

assistance credit to the Debtor as set forth in Rushmore's short sale consent letter, and (h) $2,500 to

Thomas Guarino, short sale consultant.  The Debtor's estate's share of an excess sale proceeds shall be

2

held in escrow pending further application to this Court; and it is further

**ORDERED**, that on or before ten days after the closing of the proposed sale, the Debtor shall

cause a closing statement, certifying the foregoing payments, to be filed on the docket of this case; and it

is further

**ORDERED**, that the 14-day stay of this Order under Fed. R. Bankr. P. 6004(h) is waived, for

cause, and this Order is effective immediately upon its entry.


Dated: White Plains, New York
      October 6, 2017

    /s/ Robert D. Drain
    Honorable Robert D. Drain
    United States Bankruptcy Judge